IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Blayne Williams, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| City of Austin, | § | JURY DEMANDED |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

    Plaintiff, Blayne Williams, files this Original Complaint against the City of Austin for discrimination under Title VII of the Civil Rights Act of 1963 for retaliating against him for filing a previous charge of discrimination and would respectfully show the Court the following.

### A. PARTIES

1.    Plaintiff, Blayne Williams, is an individual residing at 5233 Coppermead Ln, Austin, TX 78767 in Travis County. He may be contacted through his undersigned counsel at 316 West 12th Street, Suite 307, Austin, Texas 78701.

2.    Defendant, City of Austin, is a local governmental entity of the State of Texas, which may be served with process through its Mayor Lee Leffingwell at 301 West 2nd Street, Austin, Texas 78701.

### B. JURISDICTION

3.    The Court has federal-question jurisdiction over this lawsuit under 28 U.S.C. §1331 because the suit arises under Title VII of the Civil Rights Act of 1964.

## C. VENUE

4.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) and 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices occurred in this district.

## D. FACTS

5.     Plaintiff Blayne Williams was employed by Defendant City of Austin as an officer in the Austin Police Department.

6.     In March of 2012, Williams filed discrimination allegations with the EEOC against the City of Austin complaining of actions by the Austin Police Department and Chief Acevedo. After filing those charges, Williams has been subjected to many acts of retaliation including termination of his employment through an indefinite suspension on October 2, 2013.

7.     After filing the EEOC Complaint, Williams was subjected to discipline and suspension of his secondary employment in April of 2013 after an investigation of an event that occurred while he was working off-duty in a non-law enforcement capacity. In particular, Williams was working at a hotel when another worker reported to him that a mobile phone had been found in the ceiling area of the hotel. Williams attempted to turn on the phone, but it was dead. With his shift nearly over, he instructed another hotel employee to recharge the phone, then turn it on and search the pictures on the phone. If anything inappropriate was found, Williams instructed the employee to immediately report it to the police. The hotel employee followed his instructions, found inappropriate pictures on the phone and promptly reported it to the police. Defendant chose to use this event to go after Mr. Williams.  The matter occurred in April of 2013, one year after Williams filed the EEOC Charge of Discrimination.  APD opened up an investigation some time shortly after the mobile phone was found and reported.  This information was illegally used to prevent Williams from obtaining a detective position with APD for which he had competed

and won on the merits after taking the detective's exam. This incident was subsequently used to enhance the discipline on another matter even though it should not have been.

8. On or about June 20, 2013, Williams responded to a call for service involving a pit bull. The pit bull had been a danger to people in the area previously, and another police unit was on duty. At some point that morning, the pit bull moved toward the other officer, who stated in a written report that he rolled up his window to thwart the impending attack and grabbed his weapon in order to protect himself. Because pit bulls can be very dangerous, Williams instructed witnesses to go inside for protection. Williams then grabbed his weapon and shot the pit bull when it attacked him. The Austin Police Department opened an investigation shortly thereafter, and it remained open until Williams was indefinitely suspended on October 2, 2013. Williams' actions were in line with APD policy and state law regarding vicious animals.

9. On or about September 20, 2013, Williams was subjected to another investigation of an event that occurred in Williamson County involving his daughter who was threatened by her boyfriend. Williams legally restrained the boyfriend until the sheriff's deputies arrived and arrested the boyfriend. Williams' actions prevented the incident from escalating and it resulted in no serious bodily injury or harm to anyone. Even though the Williamson County Sheriff's Department had no problem with Williams' actions, APD opened yet another investigation into Williams and placed him on restricted duty, which meant that he could not work extra jobs causing him a loss of income.

10. The Chief of Police, being aware of the complaints against Williams, decided to set a hearing before the Chief on the punishment for the hotel mobile phone incident. The hearing was set on October 2, 2013—one day after the new Meet and Confer contract went into effect. At that meeting, the Chief refused to accept Williams' answers about whether or not he had

suspicion a crime could have occurred in the hotel mobile phone incident and repeatedly asked Williams some version of the same question. And at one point, after a great deal of badgering, the Chief interpreted an answer given by Williams as changing his story. This change was used as a means to terminate or indefinitely suspend Williams. Williams was terminated that day for allegedly giving a false and misleading statement. The City deprived Williams of any opportunity to address the matter specifically by providing him with sufficient details necessary to fully and finally understand what their issues were with him and his conduct.

11. Defendant and Chief Acevedo have treated other officers who are of different races or who have not made similar types of complaints about the conduct of APD or their superiors in a far superior or better fashion than they have Williams. Defendant has had other non-Black officers accused of untruthfulness in more serious circumstances than the one involving Williams and permitted them to remain in Defendant's employment. Defendant has also permitted individuals involved in assault and family disturbances to remain employed as well—even when they may have violated criminal laws.

### E. CAUSE OF ACTION

### COUNT 1 – RETALIATION

12. Plaintiff realleges and incorporates in this Count 1 all of the preceding paragraphs.

13. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African American.

14. Defendant is an employer within the meaning of Title VII.

15. Plaintiff filed a complaint of race discrimination with the EEOC in March of 2012.

16. Defendant's actions described in the preceding paragraphs was in retaliation against Plaintiff for his having engaged in a protected activity under Title VII, namely filing a complaint of race discrimination with the EEOC.

## F. DAMAGES

17. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

   a. Plaintiff was denied a promotion to detective, resulting in lost pay and benefits.

   b. Plaintiff was discharged from employment with Defendant through an indefinite suspension. Although Plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay.

   c. Plaintiff suffered loss of his pension or retirement benefits.

   d. Plaintiff suffered loss of off-duty jobs resulting in lost pay.

   e. Plaintiff suffered mental anguish and emotional distress.

## G. ATTORNEY'S FEES

18. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## H. EQUITABLE RELIEF

19. Plaintiff seeks equitable relief including reinstatement to the Austin Police Department, placement into the appropriate promotional position, clearing of his name and record, remediation of all matters where the City of Austin has inappropriately used information against him in violation of State Law, front pay, reimbursement for expenses and any lost seniority or front retirement benefits.

## I. EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days

after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

## J. PRAYER

For these reasons, Williams asks that the Court issue citation for City of Austin be cited to appear and answer and, on final trial before a jury, which is hereby demanded, that Plaintiff have judgment against Defendant for the following:

a. Actual damages and compensatory damages including mental anguish and emotional distress, as allowed by law;

b. Equitable relief including back pay, front pay, retirement benefits, interest on back pay, clearing of Williams name and record, reinstatement of seniority and to an appropriate position as indicated in this lawsuit.

c. Prejudgment and post-judgment interest;

d. Costs of suit;

e. Attorney fees;

f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**Potter Bledsoe, LLP**

By: **/s/ Harry G. Potter III**
Harry G. Potter III
State Bar No. 16175300
hpotter@potterbledsoe.com
Gary L. Bledsoe
State Bar No. 02476500
garybledsoe@sbcglobal.net
316 West 12th Street, Suite 307
Austin, Texas 78701
Telephone: (512) 322-9992
Facsimile: (512) 322-0840